Filed 7/24/15  P. v. Romero CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062609 |
| v. | (Super.Ct.No. FVA012334) |
| LAWRENCE ROMERO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Lawrence Romero appeals after the trial court denied his petition for resentencing under Penal Code section 1170.126, known as the Three Strikes

1

Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)).[1]

Defendant filed notice of appeal on December 29, 2014. We affirm.

PROCEDURAL BACKGROUND

On October 5, 2000, a jury found defendant guilty of petty theft with a prior. (§ 666.) The trial court found that he had two prior strike convictions for burglary (§ 459) and committing a lewd act with a child under the age of 14 (§ 288). (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i).) On July 9, 2001, the court sentenced defendant to state prison for 25 years to life.[2]

On December 28, 2012, defendant filed an in propria persona petition for resentencing under section 1170.126. The court denied the petition on the ground that defendant's prior strike conviction for committing a lewd act on a child (§ 288, subd. (a)) made him ineligible for resentencing under section 1170.126, subdivision (e)(3). This court affirmed the denial in the ensuing appeal. (See *People v. Romero* (Dec. 30, 2013, E058691 [nonpub. opn.].)

On November 3, 2014, defendant filed another in propria persona petition for resentencing under section 1170.126. On November 25, 2014, the trial court denied the petition again on the ground that defendant was ineligible for resentencing under section

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

[2] We note the record reflects that the jury also found defendant guilty of possessing a smoking device (Health & Saf. Code, § 11364) in Count 3. The court sentenced him to 90 days in county jail, and he was given credit for 90 days served.

1170.126, subdivision (e)(3), because of his prior conviction for violating section 288, subdivision (a).

On December 29, 2014, defendant filed a notice of appeal. We affirm.

ANALYSIS

This court appointed counsel to represent defendant on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a brief statement of the facts, and identifying the following potential arguable issues: (1) whether defendant is entitled to resentencing under the Three Strikes Reform Act, given his prior conviction of violating section 288, subdivision (a); (2) whether defendant is entitled to resentencing under Proposition 47 (§ 1170.18); (3) whether defendant is entitled to retroactive relief, based on amendments to section 666, reducing some felony petty thefts with priors to misdemeanors; and (4) whether his prior felony strike for burglary was an offense, which is now a misdemeanor based on amendments to section 666.

Defendant was offered an opportunity to file a personal supplemental brief, which he has not done.

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

KING
J.

CODRINGTON
J.

4